IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>TOMMY LEE VASQUEZ,<br><br>Defendant. | CR 08–113–BLG–SPW<br><br>ORDER |

On April 22, 2024, Defendant Tommy Lee Vasquez filed a pro se motion under 18 U.S.C. § 3582(c)(1)(A) to reduce his 240-month federal drug sentence. (Doc. 109; *see* Doc. 102 (Judg.).) Counsel was appointed to represent Vasquez. (Doc. 110.) Appointed counsel filed an amended motion on July 12, 2024. (Doc. 117.) The government "defers to the discretion of the Court as to whether it is appropriate to reduce Vasquez's sentence." (Doc. 119 at 3.) Vasquez's projected release date is February 1, 2030. *See* Inmate Locator, http://www.bop.gov/inmateloc (accessed August 5, 2024). For the reasons stated below, Vasquez's motion is granted.

## ANALYSIS

The First Step Act of 2018 gives district courts wide discretion to reduce an existing term of imprisonment so long as a defendant first seeks relief from the Bureau of Prisons ("BOP") and the reduction: (1) is consistent with the applicable

1

policy statements of the Sentencing Commission, (2) takes into consideration the sentencing factors of 18 U.S.C. § 3553(a), and (3) is warranted by "extraordinary and compelling reasons." 18 U.S.C. § 3582(c)(1)(A); *United States v. Keller*, 2 F.4th 1278, 1284 (9th Cir. 2021) (per curiam).

Here, Vasquez argues that his early release is justified due to family circumstances, specifically the care of his ailing mother. The government does not directly oppose Vasquez's request, indicating that "[i]f the Court chooses to grant Vasquez's motion, the United States will assume it will be because Vasquez has served 16 years of a 20-year drug sentence for possessing with intent to distribute 1 actual gram of methamphetamine." (Doc. 119 at 2–3.) Because release is warranted under both the Guidelines and § 3553(a), Vasquez's motion is granted.

I.     **Exhaustion of Administrative Remedies**

A defendant may only file a motion for compassionate release with the district court once he has "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A). Vasquez submitted a request to the Warden of his facility on February 2, 2024, which was denied on March 12, 2024. (*See* Doc. 117-2 at 1.) He has therefore exhausted his administrative remedies as required by statute.

2

## II.  Extraordinary and Compelling Reasons

On November 1, 2023, the Sentencing Commission amended its policy statements under the Guidelines Manual §1B1.13(b) to provide explicit examples of what constitutes an "extraordinary and compelling reason" for compassionate release. *See* USSG App. C, amend. 814, at 204. Relevant here, a defendant can demonstrate an extraordinary and compelling reason upon showing the "incapacitation of the defendant's parent when the defendant would be the only available caregiver for the parent." USSG §1B1.13(b)(3)(D). Additionally, this requirement may be met if "[t]he defendant presents any other circumstance or combination of circumstances that . . . are similar in gravity" to the reasons described in this section. §1B1.13(b)(5).

Here, Vasquez argues that he is the sole available caregiver for his ailing mother. Indeed, Vasquez has presented a letter from his mother indicating that she is 72 years old and suffers from medical issues. (*See* Doc. 117-2 at 5–6.) In that letter, she specifically states that she "do[es] not have anyone other than [her] son who could take care of [her]." (*Id.*) Her debilitated condition is also supported by medical records. (*See* Doc. 118.) Considering this, in conjunction with how long Vasquez has served for a relatively minor drug amount (discussed below), extraordinary and compelling circumstances exist justifying early release.

3

## III. Section 3553(a) Factors

To determine whether compassionate release is appropriate, a court must also consider the federal sentencing objectives set forth in 18 U.S.C. § 3553(a). Pertinent factors include the "nature and circumstances of the offense and the history and characteristics of the defendant," the need for the sentence "to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense," to deter criminal conduct and protect the public, and to provide effective correctional treatment, including education or vocational training and medical care. 18 U.S.C. § 3553(a)(1), (2). Courts may also consider the advisory guideline range and the need to "avoid unwarranted sentencing disparities" among similarly situated defendants. *See id.* § 3553(a)(4), (6).

Here, the § 3553(a) factors weigh in favor of release. In September 2008, Vasquez was charged with possession with intent to distribute methamphetamine, prohibited person in possession of a firearm, and possession of a stolen firearm. (*See* Doc. 1.) Subsequently, the government filed a notice of enhanced sentence penalties pursuant to 21 U.S.C. § 851. (*See* PSR ¶ 3; Doc. 8.) Vasquez ultimately pled guilty to one count of possession with intent to distribute methamphetamine pursuant to a Rule 11(c)(1)(C) plea agreement wherein the parties stipulated to a 240-month sentence. (*See* Doc. 91.) Because Vasquez both received a career offender designation—a designation he does not currently challenge—and was

4

subject to an enhanced penalty under § 851, his advisory Guideline range was 188–235 months. (*See* Doc. 117-1 at 4–5 (discussing the details of this calculation).) Without these changes, his Guidelines would have been closer to five years. (*See id.*) He ultimately received a 240-month sentence based on the binding plea agreement. (*See* Doc. 102; Doc. 103 at 4.)

The sentence imposed in this case reflects Vasquez's criminal history, not necessarily the seriousness of the present offense. Despite being only 35 years old at the time of sentencing, Vasquez had nine prior drug convictions and at least some of those convictions involved firearms. (*See* PSR ¶¶ 31–42.) Nonetheless, Vasquez was found responsible for only one gram of actual methamphetamine. (PSR ¶ 15.) This minimal drug amount therefore makes his offense somewhat unique in the world of federal drug charges. In 2008, for example, of the approximately 1,000 methamphetamine offenders sentenced, less than 15 offenders had a similar drug amount. *See USSC Sourcebook 2008*, Table 42. Additionally, the average sentence for all methamphetamine offenders was only 99 months. *See id.*, Figure J. Similarly, of the approximately 1,100 methamphetamine offenders sentenced in 2023, only one had a similar drug amount, *see USSC Sourcebook 2023*, Table D-10, and the average sentence held steady at 100 months, *see id.* Figure D-3.

Recognizing that there is nothing Vasquez can now do to eliminate his past criminal conduct, the question is whether the current record mitigates the risk associated with that past. As recognized by the government, Vasquez has served 16 years of a 20-year sentence. (*See* Doc. 119 at 2.) Thus, a significant amount of time has passed, and Vasquez's age makes him less of a risk to recidivate. And during his incarceration, it appears that Vasquez had only three disciplinary writeups, the most serious of which occurred in 2010. (*See* Doc. 117-2 at 2.) He has also taken several education courses, including many that will aid him in seeking employment. (*See id.* at 3.) Vasquez also has a release plan that involves living with his mother. (*See* Doc. 117-1 at 9.) And Vasquez will be under supervision and subject to strict conditions—including substance abuse testing and treatment—for the next six years. (*See* Doc. 102.) Given these mitigating factors, Vasquez is not considered such a risk to the community that he does not qualify for release. *See* 18 U.S.C. § 3142(g).

## CONCLUSION

Accordingly, IT IS ORDERED:

1. Vasquez's motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A) (Docs. 109, 117) is GRANTED.

2. As of the date of this Order, Vasquez's sentence is REDUCED to time served.

3. This Order is STAYED for up to 21 days to allow the United States Probation Office time to verify Vasquez's residence and establish a release plan; to make appropriate travel arrangements; and to ensure Vasquez's safe release.

4. Vasquez shall be released as soon as a residence is verified, a release plan is established, and appropriate travel arrangements are made.

5. If more than 21 days are needed to accomplish Vasquez's release, the United States must so notify the Court and demonstrate good cause why the stay of this Order should be extended.

6. The United States Probation Office shall review Vasquez's conditions of supervised release. If modifications are needed, the Probation Office shall notify the Federal Defenders of Montana. Counsel will be appointed to represent Vasquez.

7. Vasquez must provide the Court with the complete address where he will reside upon release.

DATED this 6th day of August, 2024.

Susan P. Watters, District Judge
United States District Court